IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GEORGE KENNEDY, | ) Civil Action No. 4:08-146-PMD-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| CAPTAIN D, NUNNALY, LT, et al, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I.  PROCEDURAL BACKGROUND

The plaintiff, George Kennedy, filed this action under 42 U.S.C. § 1983[1] on January 18, 2008, alleging violations of his constitutional rights. During the time of the matters alleged in his complaint, plaintiff was housed at the Lieber Correctional Institution ("LCI"). Plaintiff is currently incarcerated at the Broad River Correctional Institution based on the last change of address filed with the court. (Doc. # 12). Defendants are employees of LCI. Defendants filed a motion for summary judgment on August 18, 2008, along with a memorandum and exhibits in support of said motion. (Document #36). Because plaintiff is proceeding pro se, he was advised on or about August 20, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment could result in the dismissal of his complaint. The plaintiff filed a response to the motion by way of a document entitled "Motion for Counsel Pro Bono and Motion for Summary Judgment" on September 26, 2008. (Doc. # 46).

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## II.  DISCUSSION

### A.  ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that he had to sleep on a cold floor and then a cold steel bunk for three days before being assigned a room in the Special Management Unit. Plaintiff asserts he was placed in the Special Management Unit at LCI on November 16, 2007, without any mattress, bedding, and personal property such as a towel, wash cloth, shower shoes and under clothing. Plaintiff alleges that he was in solitary confinement without a mattress for twenty (20) days, sheets for twenty-five (25) days, and without his personal property for forty-eight (48) days. (Complaint). Plaintiff seeks monetary damages.

### B.  STANDARD FOR SUMMARY JUDGMENT

As previously stated, defendants filed a motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S.

2

317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and has moved for summary judgment on that basis as well as on the merits of the allegations. Defendants submitted the affidavit of Vera Jenkins ("Jenkins"), the Inmate Grievance Coordinator at LCI. Jenkins attests that she is charged with maintaining the inmate grievance files for inmates at the institution where she is assigned and that the grievance file for each inmate follows that inmate from institution to institution. Jenkins asserts that an inmate fills out a grievance form and places it in the grievance box. The box is emptied and each completed grievance form is assigned a number. The form is then given to Jenkins as the Inmate Grievance Coordinator which she reads and, if the situation is of her authority, she will take the necessary actions to resolve the situation. Jenkins attests that she will respond to the inmate complaint and serve the response to him by either calling him to the office or going to the unit. If the inmate does not accept her response, the inmate will check that he does not accept and she will get a Warden's response to the

3

inmate. If the inmate still does not accept the Warden's decision, then a Step #2 form is given to the inmate to complete. The inmate must complete the Step #2 form with the inmate Grievance Office within five (5) days of the Warden's response and the IGC office will send it to the Inmate Grievance Branch in Columbia. Once the decision is received from the Inmate Grievance Branch, it is sent to Jenkins who will then serve a copy of the response on the inmate. The inmate cannot accept or decline the decision from the Inmate Grievance Branch. If the inmate is not satisfied with the response, he is given an Administrative Law Judge Form to file in the Administrative Law Court.

Jenkins attests that plaintiff did file a grievance on December 7, 2007, and plaintiff did receive a response on April 14, 2008[2], at which time he had been transferred to Lee Correctional Institution. Jenkins attests that the response to plaintiff's grievance stated that he had already received a mattress and the requested items so that no further action was needed. Jenkins asserts that a copy of the grievance form was mailed to plaintiff at Lee Correctional Institution. Jenkins attests that she is not aware of any further action taken by plaintiff. (Jenkins affidavit).

Defendants also submitted the affidavit of Laurie Miller, Inmate Grievance Coordinator at Lee Correctional Institution ("LCI") who attests that she is in charge of maintaining the inmate grievances and files for inmates housed at LCI and whose last names begin with the letters A-K. Miller attests that as of the date of her affidavit, August 13, 2008, plaintiff had not filed or responded to any grievances while at LCI. (Miller affidavit, doc. #36-10).

In the document that plaintiff filed in response to the motion for summary judgment, plaintiff does not address the exhaustion argument and/or provide evidence that he completed the grievance process.

---

[2] The grievance plaintiff submitted at LCI was dated December 1, 2007, and plaintiff filed this action on January 18, 2008, before the time to exhaust had expired.

4

The Prison Litigation Reform Act ("PARA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on the evidence presented, it is recommended that defendants' motion for summary judgment (doc. # 36) be granted for failure to exhaust administrative remedies.

## III.  CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion for summary

judgment (document #36) be GRANTED and this claim dismissed.

It is FURTHER RECOMMENDED that all other outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 21, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**