## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

George Kennedy, # 217411,     )
                                 )
           Plaintiff,        )
                                 )      C.A. No.: 4:08-0146-PMD-TER
v.                          )
                                 )        **ORDER**
Captain D. Nunnaly, Lt. Daryal King, Lt.   )
Williams, Officer Rodgers, Corporal Smitty, )
Sergeant Von Muetis, Officer Brown,       )
Officer Brown, Officer James Johnson, and  )
Sergeant Managalt,               )
                                 )
           Defendants.      )
_____)

This matter is before the court upon the recommendation of the Magistrate Judge to dismiss the Plaintiff's above-captioned case. The record contains a Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III ("the Magistrate Judge"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections in response to the R&R. For the reasons set forth herein, the Magistrate Judge's R&R is adopted, and Defendants' Motion for Summary Judgment is granted.

## BACKGROUND

Plaintiff George Kennedy is currently an inmate serving a sentence at Lee Correctional Institution on a conviction for armed robbery. However, until January 25, 2008, Plaintiff was incarcerated at Lieber Correctional Institution ("LCI"), which is where all the underlying events in the instant action took place.

---

[1] Pursuant to the provisions of Title 28, United States Code, § 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

In his Complaint, Plaintiff asserts that the conditions of his confinement have violated his constitutional rights, and asserts a claim for relief under 42 U.S.C. § 1983.  Plaintiff alleges that he was placed in Lieber's Special Management Unit ("SMU") on November 16, 2007, and was not given a mattress, bedding, and personal property such as a towel, washcloth, shower shoes or underwear.  According to Plaintiff, he was without a mattress for twenty (20) days, without sheets for twenty-five (25) days, and without his personal property for forty-eight (48) days.

Plaintiff filed a grievance form regarding these claims.  The grievance was received on December 7.  On December 6, Plaintiff was given a mattress, and on December 11, he was given two sheets.  Plaintiff was brought his personal property on January 4, 2008.

Plaintiff filed his claim in this Court on January 18, 2008.  On August 18, Defendants filed a Motion for Summary Judgment.  Plaintiff filed a Motion for Summary Judgment of his own on September 26, to which Defendants filed a Response on October 8.  On January 21, 2009, the Magistrate Judge filed an R&R, recommending that Plaintiff's claim for relief be dismissed because he failed to exhaust all available administrative remedies.  Plaintiff filed an Objection to the R&R on February 5.

## STANDARD OF REVIEW

### I.     Magistrate Judge's Report & Recommendation

Magistrate Judges are empowered by statute to preside over pretrial matters on appointment by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  Where, as here, a Magistrate Judge is "assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement. . .[t]he magistrate judge shall enter into the record a recommendation for disposition of the matter."  Fed. R. Civ. P. 72(b).  The recommendation has no presumptive weight, and the

2

responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976).

Under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), a District Court evaluating a Magistrate Judge's recommendation is permitted to adopt those portions of the recommendation to which no "specific, written objection" is made, as long as those sections are not clearly erroneous or contrary to law. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, where a party makes a specific, written objection within ten days of being served with a copy of the report, the district court is required to make a *de novo* determination regarding those parts of the report, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the entire record, the R&R, and Plaintiff's Objections. The Court adopts the R&R into this Order.

## II.    Summary Judgment

To grant a party's motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence but rather to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

3

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut" but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## ANALYSIS

The Court first turns to the issue of whether or not Plaintiff's claims are barred for failure to exhaust administrative remedies. The Prison Litigation Reform Act of 1995 mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit to contest the conditions of their confinement. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(a). Thus, there is no question that unexhausted claims cannot be brought in federal court. *Jones v. Bock*, 549 U.S, 199, 212 (2007). The Supreme Court has held that "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'-rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81). The burden of demonstrating that the Plaintiff has failed to exhaust his remedies ultimately lies with Defendants. *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

The Magistrate Judge recommended that Plaintiff's claims be dismissed for failure to exhaust all available administrative remedies. The Magistrate Judge held that Plaintiff had not exhausted all of his administrative remedies because he had only filed a single step 1 grievance

4

form on the allegations in question, and had failed to follow up with a step 2 grievance appeal, or an appeal to an administrative law judge.  Furthermore, the Magistrate Judge noted that Plaintiff had not even given the administrative process adequate time to resolve his complaint before filing his Complaint in the present matter.

The Court notes that in order to be the basis of a § 1983 claim, a claim must be administratively exhausted *prior to* the initiation of the action in federal court.  "No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e.  In 1983 cases, "exhaustion is a prerequisite to suit."  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Therefore, the law is clear that any grievances which had not been exhausted by Plaintiff prior to his filing of his Complaint in this action may not be ruled upon by this Court.  Plaintiff filed his Complaint, which outlines his claims against Defendants, on January 18, 2008.  Plaintiff had formally filed his grievance on December 7, 2007.  At that time, Plaintiff had already received a mattress, and would receive bed sheets two days later.  On January 4, he would receive personal effects, and therefore at that time the underlying basis for his grievance was no longer present.

The evidence indicates that LCI personnel were dealing with a high number of grievances, and because Plaintiff's grievance concerned allegations that were no longer ongoing, LCI grievance coordinators necessarily prioritized inmate grievances which concerned ongoing problems.  LCI grievance coordinators did respond to his grievance, after he had already filed his Complaint in the present matter.

In his Objections, Plaintiff disputes whether or not he ever received the response to the grievance form after he moved from LCI to Lee Correctional Institution, which he needed in order to file a step 2 grievance form and proceed to the next stage of the administrative process.

5

However, whether he did so is ultimately not relevant to the matter at hand because Petitioner filed his Complaint in this matter before he had given LCI officials adequate time to respond. As explained above, a pro se inmate filing an action seeking damages under § 1983 for allegations regarding the conditions of his or her confinement must completely exhaust all administrative remedies *before* initiating the federal lawsuit. It is not sufficient that administrative remedies be exhausted after a lawsuit is filed or while it is pending.

Plaintiff's Objection is, in effect, that because he did not properly receive the response to his grievance after he relocated to Lee Correctional Institution, and that he was therefore unable to follow up by filing a step 2 grievance form on these claims. It is well-settled that where certain administrative remedies are not made available to an inmate, it would be fundamentally unfair to prevent that inmate from litigating the underlying claims in a § 1983 action because of a failure to exhaust. In those instances, the inmate is held to have satisfied the exhaustion requirement, even though they may not have actually participated in every process technically available to resolve their grievances. *See, e.g.*, *Boston v. Padula*, 2007 WL 5387623 (D.S.C. Oct. 9, 2007) ("The fact than an inmate grievance system exists does not conclusively establish that an administrative remedy is *available* to Plaintiff.") (emphasis in original); *see also Taylor v. Barnett*, 105 F. Supp. 2d 483, 486 (E.D. Va. 2000) (holding that an inmate had exhausted available administrative remedies where he had filed a grievance but had received no response to that grievance, which made him unable to proceed to the next stage of the grievance process).

At the time Plaintiff filed his Complaint, he had a grievance pending. That grievance concerned allegations which had already been resolved, in as far as Plaintiff had been provided with a mattress, bed sheets, and personal effects. Given that LCI had a number of pending grievances, it was reasonable for them to prioritize grievances regarding ongoing matters, and

6

this Court must give LCI some deference about how quickly it responds to inmate grievances. No bright line rule exists for determining what constitutes a reasonable response time to an inmate grievance, and what time period constitutes a wait so unreasonable that an inmate who has received no response can be said to have exhausted all administrative remedies. Such an inquiry inherently depends on a thorough, holistic examination of the totality of the circumstances in which the filing and response of the grievance took place. In the present case, given that within a very short period of time of having filed the grievance, Plaintiff had received a mattress, bed sheets, and personal effects, there was no urgent need for an immediate response. Given this, it was not unreasonable to expect that LCI officials would take more than five weeks to investigate and respond to Plaintiff's grievance. Therefore, Plaintiff was premature in filing his Complaint so soon after he filed his initial grievance, and he had therefore failed to exhaust his administrative grievances at the time he initiated this action.

While the Court acknowledges this is a technical distinction, it is nonetheless an important one. The purpose of the exhaustion requirement is to give correctional officials the opportunity to investigate and resolve inmate grievances to the inmate's satisfaction. If that proves ineffective, then it is also designed to give administrative law judges the ability to review the facts and rule upon the case. It is only then, if the inmate still believes his constitutional rights have been violated but not vindicated by any of the administrative holdings, that the federal court system may get involved in matters of state corrections. To allow a prisoner to file an action in federal court mere weeks after the administrative process has been initiated runs contrary to this policy, and would create a system of perverse incentives.

Plaintiff's argument in his Objection is, essentially, that his administrative remedies were exhausted because he never received a response to his step 1 grievance. But given that

7

Plaintiff filed his Complaint so soon after filing his initial grievance, he can only claim to have exhausted his remedies at the time at which they became unavailable to him. At the time he filed his Complaint, however, LCI officials were still investigating and processing his grievance, which means at the time the present action was initiated, his administrative remedies had not been exhausted. If the Court were to find for Plaintiff, there would then be nothing to prevent inmates from filing § 1983 actions in federal court the day or the week after filing their initial grievance. Then, at any point in the future, if there was such a substantial delay in responding to the inmate's grievance that the administrative process could be said to be unavailable to the inmate, he or she would already have an action pending in federal court. However, § 1983 was not intended as a back-up plan in case administrative remedies become unavailable, or as a threat to prison officials that inmates who have already filed § 1983 actions should get their grievances processed more promptly than those who have not, lest a court decide that the delayed response has rendered the administrative remedial process unavailable to that inmate.

Thus, the law requires that an inmate must exhaust his administrative remedies *before* initiating a § 1983 action in federal court. Therefore, this Court may only examine whether or not Plaintiff had exhausted his administrative remedies as of the date he filed his Complaint in this action, which was January 18, 2008. As explained above, at this point in time, the underlying factual allegations of Plaintiff's grievance had been resolved, the grievance had only been filed for several weeks, and the grievance was pending and being investigated. Accordingly, as of January 18, this Court holds that Plaintiff had not exhausted his

administrative remedies, and therefore may not litigate these allegations in the present § 1983 action.[2]

Accordingly, since Plaintiff failed to exhaust his administrative remedies before filing this action, Defendants' Motion for Summary Judgment is granted and Plaintiff's § 1983 action is dismissed.

## CONCLUSION

It is, therefore **ORDERED**, for the foregoing reasons, that Defendants' Motion for Summary Judgment be **GRANTED**, and that Plaintiff's action for civil rights relief pursuant to 42 U.S.C. § 1983 be **DISMISSED** without prejudice. It is further **ORDERED**, for the foregoing reasons, that Plaintiff's Motion for Summary Judgment is **DENIED**, and that all remaining Motions be rendered **MOOT**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 20, 2009**

---

[2] However, the Court emphasizes that this matter is being dismissed *without prejudice*, and that if Plaintiff believes that at some point after January 18, through delay or refusal in providing him with a copy of his initial grievance, that the administrative procedures through which inmates are supposed to resolve grievances was made unavailable to him, he may file a new Complaint regarding these substantive allegations.

9